FILED _____ LODGED
_____ RECEIVED

DEC 22 2010

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WASHINGTON

COLORADO )
)
v. )
) No. MC 10-5032
RICCIN )
) PRAECIPE
)
)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

You will please FILE THE ATTACHED AS MISC FILE & PLEASE PROVIDE A CERTIFIED COPY

_____
SELF
Attorney for

#T-8206

10-MC-05032-PRAE

FILED
DEC 10 2010
Karluk Tribal Court

# THE KARLUK TRIBAL COURT FOR
# THE NATIVE VILLAGE OF KARLUK
authorized by Fed. Recognition (58 Fed. Reg. 54366-54369)

---

| STATE OF COLORADO | ) | |
|---|---|---|
| | ) | CASE # _____ |
| | ) | |
| V. | ) | |
| | ) | NOTICE OF REMOVAL |
| | ) | |
| | ) | ORDER TO SHOW CAUSE |
| Kurt Riggin | ) | |
| | ) | ORDER FOR EVIDENTIARY |
| | ) | HEARING |
| | ) | |

---

To: (Plaintiff's)

Attorney General
STATE OF COLORADO
1525 Sherman Street
Denver Co. 80203- 1760

Please NOTICE that this court has excepted jurisdiction of this removal on the following grounds.
Kurt Riggin has grounds for removal on a documented diversity of citizenship, Mr Riggin is domiciled In the State of Montana.

Kurt Riggin has grounds for removal on documented evidence which he shows he can not enforce his guaranteed federal constitutional rights. As example Defendant was denied discovery in this case, Mr. Riggin was denied evidentiary hearing. Mr. Riggin was denied due process, please note date arrest which clearly shows Mr. Riggin is being denied " his guaranteed right to a speedy trial".
Mr Riggin was denied right to redress government for State's unauthorized harassment by Deputy Hannigan who conspired to intentionally harass fellow citizen Mr. Ness who was critically ill at the time.

It is here by ORDERED:

That State of Colorado show cause why to the Karluk Court The State of Colorado has not lost subject matter jurisdiction for denying due process for:

Denying Mr. Riggin Right to speedy trial.

Denying Mr. Riggin right to redress government.

Denying Mr. Riggin right prevent needless suffering of fellow citizen Mr. Ness who was made suffer needlessly.

Denying Mr. Riggin Discovery without which Mr. Riggin nor Mr. Riggin Attorney could not defend against this criminal cause.

It is further Ordered that The Colorado State Attorney General produce the following evidence: Documents which prove:

That Mr. Riggin received a speedy trial.

That Mr. Riggin was not denied a "FRANKS" hearing.

That Mr. Riggin has received a timely evidentiary hearing.

Notice of removal
Order to show cause                    2
Order for evidentiary hearing

That Mr. Riggin right to redress government was enforced.

That the alleged victim, Corporal Dean Morgan's signed affidavit which proves that In fact he had two citizen's complaints against his deputy, not himself.

Produce a signed affidavit of probable cause showing the Mr. Riggin intimidated or impersonated any one.

Produce a signed document which has affixed Mr. Riggin signature which shows Mr. Riggin was representing anyone but him self.

That the two affidavits which are enclosed are fraud. Two citizens were present at the alleged intimation, both citizens claimed they were making a complaint to Corporal Dean Morgan about his deputy harassing a terminally sick man.

Produce documents which makes it a crime to report a crime to Corporal Dean Morgan.

Please respond to the above Orders by December 17, 2010 at the following address :
    Karluk Tribal Court
    P.O. Box 237
    Toledo WA. 98596

_____
Karluk Tribal Court Judge

(Karluk Tribal Court Seal)

Notice of removal
Order to show cause        3
Order for evidentiary hearing

# Affidavit of Kurt R. Riggin

I Kurt R. Riggin, hereby swear under penalty of perjury under the laws of the United States that the following is true and correct to the best of my knowledge. In October of 2009, I filed an informal admistrative complaint against a Park County Sheriff's deputy, as per Park County Case # 10CR17 that in filing that complaint I had no criminal intent to intimidate or otherwise threaten any public official. My intent was only to stop the illegal behavior of the Sheriffs deputy in regard to the harassment of a stage 4-pancreatic cancer patient in accordance with the Administrative Procedures Act . I also had no intent to impersonate anyone since I showed both my tribal I.D. and my Federal Bar Card bearing the number 7604. I never showed a business card of any kind since I am permanently disabled and have not had a business card since 2004.

X _____
    Kurt R. Riggin

Subscribed and affirmed before me in the county of Jefferson, State of Colorado, this 7th day of December, 2010

_____
(Notary's official signature)

1-2-2011
_____
(Commission expiration date)

My Commission Expires 01/02/2011

*Judge Russ*
*Carluck Tribe*

December 15, 2009

To Whom It May Concern,

I swear under the penalties of perjury under the laws of the state of Colorado that the following is true and correct to the best of my knowledge and belief, as follows:

Shortly after 3pm MST on Thursday October 15, 2009, I arrived at the Bailey office of the Park County Sheriff Department for the purposes of hopefully meeting informally with Sheriff Fred Wagner for a "off the record" discreet dialogue about Deputy Hannigan's continual late evening spotlight visits for 'welfare checks' to the home of Jon Ness, to which Mr. Ness has complained, on numerous occasions, that this upsets him aggravating his PTSD condition and such. While I was accompanied by Tribal Attorney Kurt Riggin, he was NOT acting in any professional capacity other than as that of being a patient advocate, who happened to be with me following a lunch meeting we had, not acting in any official capacity. Kurt Riggin, in a clear and audible voice mentioned to the Corporal that he is tribal counsel and NOT representing anyone. He is not one known to mumble.

Backgrounder: In compliance with Article 18 Section 14 of the Colorado Constitution, I have been a primary caregiver for Jon Ness for almost six years. During this time he has lived in Morrison at his elderly mother's home and over the last year moved permanently to a mobile home he owns in Harris Park. It is located at an unspecified address a few city blocks away from the town pond. He has been known by local law enforcement to have been a legal medical marijuana patient for multiple years and is said to have personally dialogued with Sheriff Wagner about moving "back up to Park County" a couple years ago. Multiple members of the sheriff's department have visited Jon Ness' home and are well aware of the previous existence of a legal cannabis medical grow in an out building on the property, which incorporated a signed physician's letter from Dr. Craig Perrinjaquet allowing for a 'medical necessity' plant count of "25 flowering and 25 vegetative cannabis plants" for his legal therapy, readily displayed on a wall with other associated legal paperwork. Although he has been described as having been a, "violent drunk" for 33 years, Mr. Ness is known to have embraced a lifestyle of sobriety for over seven years. Mr. Ness suffers from a 'wet brain' condition as well as chronic pain, PTSD Panic Attack, as verified by a review of medical record documentation made available to date. For this reason, and others, Mr. Ness' need for care giving support and advocacy has varied over time.

I was immediately informed that Sheriff Wagner was not at the Bailey office and was directed to speak with Corporal Dean Morgan in a rear office. Kurt Riggin and I went to speak with the corporal, and, at the time, I specifically identified Kurt Riggin as NOT acting in capacity as a lawyer for Jon Ness, but that he was accompanying me as a patient advocate for this individual. Corporal Morgan repeated my comment back to me, " You mean Kurt Riggin does NOT currently represent Mr. Ness as his lawyer?" and I said "No, he does not."

I then explained the troubling situation to the corporal, who said that Deputy Hannigan works day shift and would not do this type of activity. I explained that I was NOT here to make formal complaint of the deputy's previous multiple threats to Mr. Ness to "turn in and raid his legal medical marijuana grow if he did not GIVE UP a METH LAB soon.", but simply asking that the deputy refrain from using his spotlight at night time coming by the Ness' home, since it is exacerbating his PTSD condition, and preventing him from getting rest for being "all stressed up." The dialogue was done in a calm professional manner, and Corporal Morgan continued to act suspect to my contact due to his disbelief that Deputy Hannigan would participate in such activity.

At this point, once the previous dialogue occurred, we left the sheriff's office, not wanting to press formal charges (at that time) against the deputy in question.

I am shocked and deeply saddened that Kurt Riggin is the subject of investigation for "unlawful practice of law" was filed by James C. Coyle of the Colorado Supreme Court's Attorney Regulation Counsel. As a 'friend' of law enforcement I feel strongly that this was a very inappropriate gesture on behalf of Corporal Morgan. It is definitely a troubling response from individuals who came down to a sheriff's office looking for discreet dialogue in an attempt to enhance my patient's quality of life, and address this issue in a professional manner.

It should be noted that in the past, on multiple occasions I have been asked to act in capacity as patient advocate for Mr. Ness. Over a year ago, when his mother died, he was personally prevented from visiting his mother's funeral showing by the Jefferson County Swat Team, an act of unconscionable measure seeing as there are two family members who are known to be members of the law enforcement community. Was it a family member in law enforcement who placed the anonymous call that Jon Ness was "drunk and suicidal", that prompted a response by officers who refused to release Mr. Ness from custody before a trip to a hospital, when obviously NOT visibly drunk or suicidal, and EVEN after Ness' state psychiatrist Dr. David Diffee told an on scene deputy by telephone to have him released. It is personally upsetting and not one of that departments' finest moments seeing as a patient advocate had to set up a private funeral showing, so as to not be the victim of further possible abuses by 'family'. Complaints regarding this incident were formally made to the Internal Affairs division of the Jefferson Sheriff department at the time, but no action has been taken to date.

_[signature]_     December 16, 2009
Timothy Tipton

_[signature]_     December 10, 2010
Notary Public    ~~December 16, 2009~~

STACY FRANK
Notary Public
State of Colorado
My Commission Expires 1/17/2014

Resigned December 10, 2010
_[signature]_



# The State of Washington

## Secretary of State

*I, SAM REED,* Secretary of State of the State of Washington and custodian of its seal, hereby certify that according to the records on file in my office,

**DAVID L MARTIN SR**

was appointed as a Notary Public in and for the state of Washington on July 7, 2010 for the term ending April 27, 2014, and therefore is authorized to act as a Notary Public for that term and, is as such, is qualified to take the proofs of acknowledgements to deeds and instruments in writing and was so authorized on the date shown on the instruments in writing to which this certificate is attached.

Date: December 20, 2010
Certificate: 201007888



Given under my hand and the Seal of the State of Washington at Olympia, the State Capital

*Sam Reed*

Sam Reed, Secretary of State



FILED
DEC 20 2010
Karluk Tribal
Supreme Court

# THE KARLUK TRIBAL COURT FOR
# THE NATIVE VILLAGE OF KARLUK
authorized by Fed. Recognition (58 Fed. Reg. 54366-54369)

---

| STATE OF COLORADO | ) | |
|---|---|---|
| | ) | CASE # D0472010CR000017 |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| | ) | ORDER OF DISMISSAL |
| Kurt Riggin | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

---

To: (Plaintiff's)

                        Attorney General
                        STATE OF COLORADO
                        1525 Sherman Street
                        Denver Co. 80203- 1760

This court upon consideration of the following evidence finds that:

This court had jurisdiction because of the following grounds:

Kurt Riggin has grounds for removal on a documented diversity of citizenship, Mr

Riggin is domiciled In the State of Montana.

Kurt Riggin has grounds for removal on documented evidence which he shows he can not enforce his guaranteed federal constitutional rights. As example Defendant was denied discovery in this case, Mr. Riggin was denied evidentiary hearing. Mr. Riggin was denied due process, please note date arrest which clearly shows Mr. Riggin is being denied " his guaranteed right to a speedy trial".
Mr Riggin was denied right to redress government for State's unauthorized harassment by Deputy Hannigan who conspired to intentionally harass fellow citizen Mr. Ness who was critically ill at the time.
Mr. Riggins had previously severed himself from the State of Colorado Bar Act.


That the State of Colorado failed to provide any documentation on the Court ORDERED disclosure of the following:

That State of Colorado show cause why to the Karluk Court The State of Colorado has not lost subject matter jurisdiction for denying due process for:

Denying Mr. Riggin Right to speedy trial.

Denying Mr. Riggin right to redress government.

Denying Mr. Riggin right prevent needless suffering of fellow citizen Mr. Ness who was made suffer needlessly.

Denying Mr. Riggin Discovery without which Mr. Riggin nor Mr. Riggin Attorney could not defend against this criminal cause.

It is further Ordered that The Colorado State Attorney General produce the following evidence:
Documents which prove:


That Mr. Riggin received a speedy trial.

Notice of removal
Order to show cause              2
Order for evidentiary hearing

That Mr. Riggin was not denied a "FRANKS" hearing.

That Mr. Riggin has received a timely evidentiary hearing.

That Mr. Riggin right to redress government was enforced.

That the alleged victim, Corporal Dean Morgan's signed affidavit which proves that In fact he had two citizen's complaints against his deputy, not himself.

Produce a signed affidavit of probable cause showing the Mr. Riggin intimidated or impersonated any one.

Produce a signed document which has affixed Mr. Riggin signature which shows Mr. Riggin was representing anyone but him self.

That the two affidavits which are enclosed are fraud. Two citizens were present at the alleged intimation, both citizens claimed they were making a complaint to Corporal Dean Morgan about his deputy harassing a terminally sick man.

Produce documents which makes it a crime to report a crime to Corporal Dean Morgan.

The State of Colorado failed to respond to the above Orders by December 17, 2010.


Based on the evidence before this court cause number D0472010CR000017That State of Colorado V. Kurt Riggin is on December 20, 2010 here by dismissed.

    Karluk Tribal Court
    P.O. Box 237
    Toledo WA. 98596

Notice of removal
Order to show cause          3
Order for evidentiary hearing

_____
Karluk Tribal Court Judge, Orbie Mullins
Notary Public

STATE OF WASHINGTON )
                    )ss:
COUNTY OF LEWIS     )

On this day personally appeared before me _Orbie Mullins_ to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.
    GIVEN under my hand and official seal this __15__ day of __Dec__, __2010__.

_____
Notary Public

My commission expires __4/27/14__.

Notice of removal
Order to show cause                          4
Order for evidentiary hearing



# The State of Washington
## Secretary of State

I, SAM REED, Secretary of State of the State of Washington and custodian of its seal, hereby certify that according to the records on file in my office,

**DAVID L MARTIN SR**

was appointed as a Notary Public in and for the state of Washington on July 7, 2010 for the term ending April 27, 2014, and therefore is authorized to act as a Notary Public for that term and, is as such, is qualified to take the proofs of acknowledgements to deeds and instruments in writing and was so authorized on the date shown on the instruments in writing to which this certificate is attached.

Date: December 20, 2010
Certificate: 201007889



Given under my hand and the Seal of the State of Washington at Olympia, the State Capital

Sam Reed, Secretary of State

**FILED**

DEC 20 2010

Karluk Tribal
Supreme Court

# THE KARLUK TRIBAL COURT
## FOR THE NATIVE VILLAGE OF KARLUK
authorized by Fed. Recognition (58 Fed. Reg. 54366-54369)

| | |
|---|---|
| STATE OF COLORADO ) | CASE #<u>D0472010CR000017</u> |
| Plaintiff ) | |
| ) | CERTIFICATE OF SERVICE |
| V. ) | BY CERTIFIED MAIL |
| Kurt Riggin ) | |
| ) | |
| ) | |
| Defendant ) | |

I here by certify that on Dec. 13, 2010 I served by certified US Postal Service the following documents NOTICE OF REMOVAL, ORDER TO SHOW CAUSE, ORDER FOR EVIDENTIARY HEARING and KARLUK TRIBAL COURT ORDER DATED December 10, 2010 .to the following addresses:

Tom Ledux
Eleventh Judicial district
District attorney #34412

and:

Fairplay County courts
300 fourth St.
Fairplay, Co. 80440

and:

STATE OF COLORADO
1525 Sherman street
Denver Colorado 80203-1760

Date _____

Signature _____
Notary Public

STATE OF WASHINGTON )
                                  )ss:
COUNTY OF LEWIS      )

On this day personally appeared before me _____ to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

    GIVEN under my hand and official seal this __15__ day of __Dec__, _2010_.

_____
Notary Public

My commission expires __4/27/10__.

Affidavit of mailing                           2